LAW OFFICES OF
# TACOPINA SEIGEL & TURANO
A PROFESSIONAL CORPORATION

275 MADISON AVENUE
35TH FLOOR
NEW YORK, NEW YORK 10016

TELEPHONE (212) 227-8877
FACSIMILE (212) 619-1028
WWW.TACOPINALAW.COM

JOSEPH TACOPINA
CHAD D. SEIGEL♦
STEPHEN TURANO♦

DINA NESHEIWAT*
MATTHEW G. DEOREO^

GEORGE VOMVOLAKIS
FRANCESCO PENTA***
VICTOR SHERMAN+

♦ ALSO ADMITTED IN NEW JERSEY
* ALSO ADMITTED IN FLORIDA
+ ALSO ADMITTED IN CALIFORNIA
^ ALSO ADMITTED IN CONNECTICUT
*** ONLY ADMITTED IN ITALY

MILAN OFFICE:
20149 MILANO
VIA DOMENICHINO, N. 35
MILAN, ITALY
TEL (02) 48012455

NEW JERSEY OFFICE:
60 PARK PLACE
SUITE 703-704
NEWARK, NEW JERSEY 07102

June 27, 2013

**By Hand and Email**

Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: **United States v. Michael Balboa**
     **Indict. No. S1 12 Cr. 196 (PAC)**

Your Honor:

  The defendant, Michael Balboa, by his counsel, respectfully submits this letter in response to the following note received from the jury this afternoon:

> There was a question brought up about the validity of the blue known actual trade prices. Some of us said it was a matter of public records. Please clarify. Ex 6002.

  The jury's first sentence about it having a question about the validity of the trading prices in Government Exhibit 6002 is clarified in its second sentence in which it actually and specifically identifies the following question: Are the blue known actual trade prices in GX 6002 a matter of public record? The answer to that specific question, based on the explicit testimony of FINRA witness Matthew Howard is "no". As Mr. Howard explained, the trading prices were not publicly available, thus requiring the Government to obtain them by use of a subpoena. (T:1421:13-1422:4) Consequently, to avoid broadening the scope of the jury's inquiry, an appropriate and direct response would be the following:

Tacopina Seigel & Turano, P.C.

Honorable Paul A. Crotty
June 27, 2013
Page Two

      The trade prices reflected in Government Exhibit 6002 were not a matter of public record. If you need any further clarification, let us know.

    To provide any additional information to the jury so as to interpret (or, in this instance, reinterpret) what the jury is seeking, would impermissibly encroach on its role as fact-finder. Indeed, in the context of this case, the jury's reference to the term "validity" of trading prices, undoubtedly applies to its deliberations regarding whether the defendant, Michael Balboa, was able to see these trades for himself. And, because the trades were not public records available for viewing by Mr. Balboa during the mark-to-market process, in that regard, they were not a "valid" source of pricing information *for him*.[1] While the Government attempts to read something else into the term "validity," it is not the Government's role to usurp the fact-finding function of this jury. Accordingly, the appropriate way to address the jury's note is to respond to the particularized question posed. And, in that respect, the above-fashioned response does so – no more and no less.

    If after receiving that response, the jury requires any additional clarification, it is free to request it, as we suggest in our proposed response.

    Notwithstanding the reasonableness of the preceding response, the Government, in its letter submitted this evening, openly distorts the single question posed by the jury regarding whether the trading prices were public records, so as to falsely create a second question about some other issue of validity. And, after doing so, the Government then suggests, in an effort to tout the "source" of the trading prices, that the Court refer the jurors to another Government exhibit (GX 9002) *about which the jurors did not ask*.

    Despite the Government's efforts to read more into the jury's note, the fact remains that the gratuitous information which the Government wishes to now parade before the jury – the source of the trading prices contained in GX 9002 – is already referenced at the bottom of GX 6002, the very document which is the subject of this inquiry.[2] Given that the "source" of the trading prices is therefore already quite literally in the hands of the jury and before its eyes, the

---

[1] Notably, Mr. Balboa did not have the ability to subpoena these non-public records in 2008, when participating in the valuation process for the Nigerian warrants.

[2] The lower right-hand portion of GX 6002 states that the "Known Actual Trade Prices for Nigerian Warrants," reflected in blue graphical entries, is "[b]ased on trades reported by ICAP, Exotix, Credit Suisse, UBS, Citigroup, JP Morgan, Deutsche Bank, BCP Securities, and Fin Tech."

TACOPINA SEIGEL & TURANO, P.C.

Honorable Paul A. Crotty
June 27, 2013
Page Three


Government's interpretation that the jury is asking for that "source" again in its note is untenable. As set forth above, the jury has specifically asked if the trading prices were a matter of public record. And, the answer to that question, as articulated by the Government's own witness, Mr. Howard, is "no". This Court should not adopt the Government's skewed view so as to provide additional, unrequested information to the jury.

When dealing with requests from the jury, during the delicate stage of deliberations, the Court should be careful to avoid needlessly acting in a manner that risks swaying it. As the Supreme Court held in United States v. Martin Linen Supply Co., 430 U.S. 563, 573 (1977), "[t]he trial judge is [ ] barred from attempting to override or interfere with the juror's independent judgment in a manner contrary to the interests of the accused." In consonance with that axiom, the Court in United States v. Sabetta, 373 F.3d. 75, 80 (1st Cir. 2004), aptly reasoned:

> The Sixth Amendment grants a defendant in a criminal case the right to a trial by jury. *A district court must use extreme caution in answering questions from juries so as not to usurp the jury's fact finding role.* (emphasis added)

Finally, if this Court is so inclined to provide any substantive response beyond the mere fact that "[t]he trade prices reflected in Government Exhibit 6002 were not a matter of public record," we ask that it have the following more detailed responsive portion of Mr. Howard's testimony read back to the jury:

Q: Now, in preparing this chart, you obviously had conversations with members of the government, is that right?
A: Yes.
Q: They provided you with the information that you included within this chart?
A: Yes, they did.
Q: Which reflects these trading levels?
A: That's correct.
Q: You just testified that these are trades that were perfected through different entities?
A: Sure, yes.
Q: Being that you worked with the government in preparing these charts, you are aware that the government obtained this information by means of subpoena, via subpoena, right?
A: Yes.
Q: Because this information was not publicly available?
A: That's correct. [T:1421:13-1422:4]

TACOPINA SEIGEL & TURANO, P.C.

Honorable Paul A. Crotty
June 27, 2013
Page Four

    For the reasons set forth above, we again respectfully submit that the Court should simply advise the jury:

> The trade prices reflected in Government Exhibit 6002 were not a matter of public record. If you need any further clarification, let us know.

    Your consideration is this matter is greatly appreciated.

Respectfully submitted,

*/s/ Joseph Tacopina*
Joseph Tacopina

cc:    Chi T. Steve Kwok, Esq.
       Jason Cowley, Esq.
       Assistant United States Attorneys
       William T. Conway, Esq.
       Special Assistant United States Attorney